### No. 3243.—B. F. BURNETT *v.* P. A. WALKER, Administrator.

The act of the twenty-second of December, 1865, giving to every head of a family the right.
to hold exempt from seizure by his creditors one hundred and sixty acres of land and
other personal effects as a homestead does not apply to succession property. Therefore,
if such property has passed into the succession, it may be sold for the payment of the
debts thereof, notwithstanding this statute.

APPEAL from the Fifth Judicial District Court, parish of East Baton
Rouge. *Posey,* J. *Greves & Dupree,* for plaintiff and appellee.
*J. W. Burgess* and *A. S. Herron,* for defendant and appellant.

HOWELL, J. The plaintiff alleges that he has a family, consisting
of a wife and four minor children, dependent on him for support; that
he owns and resides on a tract of land of two hundred and fifty-six
acres and the improvements thereon, and also a tract of one hundred
and sixty acres adjoining; that the defendant, as administrator of the
succession of plaintiff's deceased wife, caused said land and all the.

movables thereon to be inventoried as belonging to said succession and is proceeding to sell the same at probate sale to pay the debts of the succession, without regard to plaintiff's right to a homestead under the act of twenty-second December, 1865, and he prays that one hundred and sixty acres of land, comprising the residence, and other improvements and certain movables specified in said act be decreed to be the property of plaintiff and exempt from seizure and sale.

The defendant answers that he is about to sell said property, but denies that plaintiff is entitled to the property claimed; avers that the statute invoked does not apply to successions and that the whole° property is liable to be sold to pay debts. Judgment was rendered in favor of plaintiff, and defendant appealed.

The plaintiff has not shown title to the land in question, and although it seems to have been inventoried as community property, he does not object to its sale as the property of his wife's succession, and we must, therefore, consider it as really belonging to said succession and apply the law invoked accordingly; for we are not informed by the counsel of either party by what authority the administrator of a deceased wife can administer the property of the community of which the surviving husband is the head, and sell the property thereof to pay the community debts. Viewing the property as belonging to the succession, we concur in the position of defendant that the law invoked by plaintiff does not apply in succession sales and that he can not under it secure the homestead provided by it. The law, in its terms, applies to sales under executions. See Revised Satutes, p. 333.

It becomes, therefore, unnecessary to examine the important question, discussed by both counsel, whether, under the Constitutions of the State and United States, the act of 1865 can be enforced against creditors whose claims existed at the date of the passage of said act.

It is therefore ordered that the judgment of the district court be reversed and that there be judgment dismissing plaintiff's demand, with costs in both courts.